

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 11, 1947

Honorable R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Opinion No. V-245

Re: Fees of county
clerks for is-
suing and re-
cording abstracts
of judgments.

Dear Sir:

We refer to your letter of May 15, 1947, in which you submit the following:

"In filing and recording Abstracts of Judgment, (Arts: 5448 and 6635) it was the custom in this office to make a charge of 50¢, before September 4, 1945, when the fees were advanced. Since that time, we have charged 75¢, assuming that this fee was among those advanced.

"However, we can find no provisions - or rather no fee set out for such filing and recording of Abstracts of Judgment. The only fee we have been able to find listed for an Abstract of Judgment is under Article 3935, Justice of the Peace, which is 75¢; this is, we presume, for issuing such abstract of Judgment.

"Please advise us what the proper fee is, for filing and recording Abstracts of Judgment in this office, (County Clerk), and also, the proper fee to charge for is-suing an Abstract of Judgment in the County Court."

The compensation of public officers is fixed by the Constitution or statutes. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled.

Article 5447 of Vernon's Civil Statutes reads in part:

"Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, <u>shall make out, certify under his hand and official seal, and deliver to such applicant upon payment of the fee allowed by law,</u> an abstract of such judgment showing: . . ." (Emphasis added)

The abstract provided for consists of descriptive data contained in the judgment. Although the fee for issuing the abstract is required to be paid, no specific amount is fixed by law for that service.

Article 3930 of Vernon's Civil Statutes (Act 1945) authorized county clerks to receive 50 cents for "each certificate to any fact or facts contained in the records of his office, with certificate and seal, when not otherwise provided for." An abstract of judgment is such a certificate and a fee for its issuance is "not otherwise provided for."

We are of the opinion that county clerks are authorized by Article 3930 of Vernon's Civil Statutes, to receive a fee of fifty cents for issuing each abstract of judgment.

County clerks are required by Article 5448 of Vernon's Civil Statutes to file and record, and index, all properly authenticated abstracts of judgment, and enter same upon an alphabetical index showing the name of each plaintiff and of each defendant in each such judgment, and the book and page of the record, leaving a blank space at the bottom of the page for the entry of credits upon and satisfaction of the judgment. No specific fee is fixed by any law for services rendered by county clerks concerning the filing, recording and indexing abstracts of judgment. Article 3930 of Vernon's Civil Statutes authorizes such clerks to receive 10 cents for filing each paper and 15 cents per 100 words for recording all papers required or permitted by law to be recorded, not otherwise provided for, including certificate and seal.

We are of the opinion that county clerks are authorized, by Article 3930 of Vernon's Civil Statutes, to receive 10 cents for filing each abstract of judgment and 15 cents for each 100 words for recording same,

which shall include his certificate and seal thereon.

## SUMMARY

County clerks are entitled to receive fee of 50 cents for each abstract of judgment issued by them and 10 cents for filing and 15 cents for each 100 words for recording such abstract of judgment. Arts. 3930, 5447, 5448, V. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

WTW:WB

APPROVED JUNE 11, 1947

ATTORNEY GENERAL OF TEXAS